UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESER OZKAY, et al.,<br><br>    Plaintiffs,<br><br>        v.<br><br>EQUITY WAVE LENDING, INC., et al.,<br><br>    Defendants. | Case No. 20-cv-08263-JST<br><br>**ORDER GRANTING PRELIMINARY INJUNCTION**<br><br>Re: ECF No. 13 |

Having granted Plaintiffs' ex parte application for a temporary restraining order, at issue now is the Court's order to show cause why a preliminary injunction should not issue to continue to restrain and enjoin the sale of Plaintiffs' Property pending trial in this action. ECF No. 13.

To be entitled to a preliminary injunction, a plaintiff must satisfy the familiar four-factor test: A plaintiff "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Am. Trucking Ass'ns, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 20 (2008)). To grant preliminary injunctive relief, a court must find that "a certain threshold showing [has been] made on each factor." *Leiva-Perez v. Holder*, 640 F.3d 962, 966 (9th Cir. 2011) (per curiam). Assuming that this threshold has been met, "'serious questions going to the merits' and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011).

Plaintiffs' complaint includes eight claims. With the exception of two discrimination

claims, Plaintiffs' remaining causes of action are based on two theories. The first involves allegations that Defendants improperly conditioned the reinstatement of their loan on the curing of the default of a senior lien on the Property. The second involves allegations that Defendants failed to adhere to the terms of a previous loan modification agreement. Finding that Plaintiffs are likely to prevail on the first theory, the Court does not reach the remainder of Plaintiff's arguments.

California Civil Code Section 2924c "provides that when a mortgage loan is accelerated due to default, the borrower can reinstate the loan" by making certain payments within a certain period of time. *Sutton v. Eagle Vista Equities LLC*, No. 19-cv-03880-EMC, 2020 WL 571056, at *5 (N.D. Cal. Feb. 5, 2020). Specifically, "[r]einstatement requires payment of: the defaults identified in the notice of default, defaults on 'recurring obligations,' and reasonable costs, expenses, and fees incurred in enforcing the obligation or security." *In re Takowsky*, No. ADV 11-02468, 2014 WL 5861379, at *4 (B.A.P. 9th Cir. Nov. 12, 2014) (quoting Cal. Civ. Code § 2924c(a)(1)). "Recurring obligations" include amounts of principal and interest on the loan subject to the deed of trust and amounts advanced on any senior liens "due after the notice of default is recorded." Cal. Civ. Code § 2924c(a)(1).

Foreclosure is a "drastic sanction" and a "draconian remedy," *Baypoint Mortg. Corp. v. Crest Premium Real Estate etc. Trust*, 168 Cal. App. 3d 818, 827, 830, (1985), and therefore the statutory requirements "must be strictly followed," *Bisno v. Sax*, 175 Cal. App. 2d 714, 720 (1959). California law "provides that the power of sale shall not be exercised until the notice of default, stating that a breach of an obligation has occurred, has been recorded." *Anderson v. Heart Fed. Sav. & Loan Assn.*, 208 Cal. App. 3d 202, 214 (1989) (internal quotations, alterations, and citations omitted). "The person relying upon the notice of default is 'bound' by its provisions, and 'cannot insist upon any grounds of default other than those stated in that notice.'" *Sys. Inv. Corp. v. Union Bank*, 21 Cal. App. 3d 137, 153 (1971) (quoting *Tomczak v. Ortega*, 240 Cal. App. 2d 902, 904 (1966)). "If the '*particular default*' noticed is cured the deed of trust must be reinstated." *Anderson*, 208 Cal. App. 3d at 211 (citation omitted) (emphasis in original). For example, in *Anderson*, the court held that a trustor who tenders adequate payment to cure the defaults of the amounts specified in the notice of default is entitled to reinstatement of the

1    obligation, and that a trustee is not entitled to insist on payment of obligations not set forth in the
2    notice of default as a condition of reinstatement. *Id.* at 213-14.

3    Defendants argue that subsection (b) of Section 2924c permits them to foreclose even
4    though Plaintiffs have tendered the amounts set forth in the May 19 notice of default because
5    Plaintiffs have not also cured a senior U.S. Bank lien. ECF No. 19 at 13-14. Subsection (b)
6    requires beneficiaries, like Defendants, to include language in the Notice of Default that the
7    beneficiary or mortgagee "may require as a condition to reinstatement that you provide reliable
8    written evidence that you paid all senior liens, property taxes, and hazard insurance
9    premiums." Cal. Civ. Code § 2924c(b)(1). The California legislature added the quoted language
10   from subsection (b) with the intent "to supersede the holding in *Anderson v. Heart Federal*
11   *Savings* . . . to the extent that decision restricted the ability of mortgagees and beneficiaries under
12   trust deeds to demand payment of all amounts in default under the terms of an obligation secured
13   by a mortgage or trust deed as a condition to reinstatement of the obligation and avoidance of a
14   sale of the security property to satisfy the obligation." Stats. 1990, ch. 657.

15   Relying on subsection (b), Defendants argue that they "requested reliable written evidence
16   from the Plaintiffs that they had paid all senior liens," and that Plaintiff Eser Ozkay promised to
17   provide it but has not done so. ECF No. 19 at 6. They contend that Plaintiff is in default under the
18   senior loan to U.S. Bank and has been since September of 2019. *Id.* Since he has failed to
19   provide evidence that the U.S. Bank loan is current, they contend that subsection (b) gives them
20   the right to foreclose under the May 2019 Notice of Default.

21   The Court is not persuaded by this argument. The Court concludes that while Section
22   2924c superseded *Anderson* in part, the legislature did not abrogate *Anderson's* holding that a
23   notice of default must contain a clear statement of all alleged defaults in order to inform the
24   borrower what he or she has to do to cure the default. *See In re Takowsky*, 2014 WL 5861379, at
25   *6. Thus, the inclusion of language in the notice of default that the beneficiary "*may*" require
26   payment of senior liens as a condition of reinstatement is not sufficient – the beneficiary must
27   identify the specific obligation in question and make clear that payment of the lien is a
28

3

requirement. *Id.*[1] Enforcing this requirement does not, to quote the California legislature, undermine the lender's ability to "demand payment of all amounts in default under the terms of an obligation secured by a mortgage or trust deed as a condition to reinstatement of the obligation and avoidance of a sale of the security property to satisfy the obligation." *See* Stats. 1990, ch. 657. It merely requires that the lender actually *make* such a demand beyond merely indicating that they *may* do so.

As applied here, this means that Defendants cannot require payment of the U.S. Bank senior lien as a condition of setting aside the Notice of Default because the Notice did not identify that lien. ECF No. 9 at 10; *see also* Notice of Default, ECF No. 9-2 at 6-7. Defendants are not entitled to condition reinstatement on payment of the senior lien until they issue a new and different Notice of Default listing that lien as a "particular default." *See Anderson*, 208 Cal. App. 3d at 211.

The Court therefore finds that Plaintiffs have established that they are likely to succeed on the merits of at least their § 2924c claim. The Court also finds that Plaintiffs are likely to suffer irreparable harm in the absence of an injunction. *See* Cal. Civ. Code § 3387 ("It is to be presumed that the breach of an agreement to transfer real property cannot be adequately relieved by pecuniary compensation."). Finally, the Court finds that the balance of equities and the public interest tip in Plaintiff's favor. "Causing a slight delay for Defendant's sale of the Subject Property is greatly outweighed by Plaintiff's potential loss of his home . . . . [And] it is in the public interest that home foreclosure sales do not occur until the merits of an individual's case [have] been assessed." *Friedman v. Wells Fargo Bank N.A.*, No. 14-cv-00123-BRO(PLAX), 2014 WL 12572925, at *2 (C.D. Cal. Jan. 23, 2014).

Lastly, the Court turns to the question of security. Rule 65(c) of the Federal Rules of Civil Procedure provides that a district court may grant a preliminary injunction "only if the movant

---

[1] The Court is aware of the contrary holding in *Grewe v. Clark*, No. G047430, 2013 WL 5873268, at *4 (Cal. Ct. App. Oct. 31, 2013). Unlike unpublished opinions of the federal courts, unpublished California opinions have no persuasive or precedential value, *cf. Haligowski v. Superior Court*, 200 Cal. App. 4th 983, 990 n.4 (2011), and may not be cited in this district, Civ. L.R. 3-4(e).

gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c).  The district court retains discretion "as to the amount of security required, *if any*." *Johnson v. Couturi*er, 572 F.3d 1067, 1086 (9th Cir. 2009) (internal quotation marks and citations omitted) (emphasis in original).  Defendants do not address the question of security in their opposition to Plaintiffs' motion, and the Court will not set a bond amount based only on speculation.[2]  *See Colonial Life & Accident Ins. Co. v. Stentorians-L.A. Cty. Black Fire Fighters*, No. 2:13-cv-9235-CAS(FFMX), 2014 WL 12629695, at *3 (C.D. Cal. Mar. 27, 2014) ("In fixing the amount of security required, a court is not required to order security in respect of claimed economic damages that are no more than speculative." (quoting *Int'l Equity Invs., Inc. v. Opportunity Equity Partners Ltd.*, 441 F. Supp. 2d 552, 566 (S.D.N.Y. 2006)).  Plaintiffs are not required to give security pursuant to Federal Rule of Civil Procedure 65(c).

Accordingly, the Court orders that Defendants, and their agents and employees, are ENJOINED from engaging in or performing, or causing to be performed, the sale of Plaintiffs' property, commonly known as 2275 Country Club Drive, Novato, CA 94949, based on the Notice of Default recorded May 20, 2019, ECF No. 9-2 at 6, as well as any Notice of Trustee's Sale based on or arising from the 2019 Notice of Default, *see, e.g.,* ECF No. 9-2 at 17.

**IT IS SO ORDERED.**

Dated:  December 28, 2020

_____
JON S. TIGAR
United States District Judge

---

[2] Although the Court raised the question of the total amount owing under the junior and senior liens at this morning's hearing, the Court is not persuaded that a bond in that amount is appropriate.  "A preliminary injunction bond amount must provide compensation for damages 'directly attributable to the improvidently issued injunction.'" *Colonial Life*, 2014 WL 12629695 at *3 (quoting 11A Charles A. Wright & Arthur R. Miller, Fed. Practice & Procedure § 2954 (2d ed.)).  Assuming Defendants issue another Notice of Default containing all of the liens on which they assert the right to foreclose, the Court does not see how Defendants will be damaged in the interim in the full amount of both liens.